1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7
8
9
10
11
12
13

VONTEAK LEE ALEXANDER SR.,

Plaintiff,

v.

RICHARD W. LEUNG, *et al.*,

Defendants.

Case No. 2:18-cv-00702-RFB-GWF

**ORDER**

*Application to Proceed in Forma Pauperis (ECF No. 11) and Screening of Complaint (ECF No. 8)*

14      This matter is before the Court on Plaintiff's Motion for Leave to Proceed in *Forma*

15  *Pauperis* (ECF No. 11) filed December 20, 2018, Motion for Purposed [sic]Service of Complaint

16  and Summons Pursuant to 28 U.S.C. § 1915 (ECF No. 12), filed December 26, 2018 and Motion

17  for an Extension of Time for Service (ECF No. 13), filed January 4, 2019.

18                              **BACKGROUND**

19      On July 30, 2018, Plaintiff filed his Amended Civil Rights Complaint Pursuant to 42 U.S.C.

20  § 1983 (ECF No. 8).[1]  He brings this action alleging violations of his Fourth Amendment right to

21  be free from unreasonable searches and seizures and Fifth Amendment violation of deprivation of

22  property without due process of law.  Specifically, Plaintiff alleges that seven Las Vegas

23  Metropolitan Police Department ("LVMPD Defendants") officers and two security guards

24  employed by the New Orleans Hotel and Casino ("security guard Defendants") acted in a concerted

25  effort to unlawfully intruded into his password protected cell phone without a search warrant or

26
27

28

---

[1] Although Plaintiff titles this complaint "Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," it is actually Plaintiff's Second Amended Complaint.

1   probable cause.  Plaintiff requests general damages in the amount of $65,000 as well as punitive

2   damages.  *Id*. at 7.  Plaintiff is currently detained pending trial in a related criminal matter.[2]

3   **DISCUSSION**

4   **I.    Application to Proceed *In Forma Pauperis***

5   Plaintiff initially filed this action and paid the requisite $400.00 filing fee.  ECF No. 1-1.

6   Plaintiff now claims he is indigent as a result of financial difficulties related to his current detention

7   at the Nevada Southern Detention Center.  Plaintiff attached a financial affidavit to his application

8   and complaint as required by 28 U.S.C. §1915(a).  Reviewing Plaintiff's financial affidavit

9   pursuant to 28 U.S.C. §1915, the Court finds that Plaintiff is unable to pre-pay any additional filing

10  fees.  However, the initial $400.00 pre-paid filing fee shall not be refunded.  As a result, Plaintiff's

11  request to proceed *in forma pauperis* is granted.

12  **II.    Screening the Complaint**

13  Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

14  complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to

15  dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

16  relief may be granted or seeks monetary relief from a defendant/third party plaintiff who is immune

17  from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed

18  for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the

19  plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey*

20  *v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if

21  it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*,

22  490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when

23  the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are

24  judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33

25  (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave

26  to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face

27

28  [2] *USA v. Alexander*, Case No. 2:17-cr-00072-RFB.

2

of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007).  This is especially important for civil rights complaints.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint.  *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law.  See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id*. at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.    Instant Complaint

Plaintiff's complaint seeks relief for alleged violations of his Fourth and Fifth Amendment rights. He alleges that the LVMPD Defendants, conspired, in their individual capacities, to lie, falsify text messages, seize photos, call log history, Facebook information and other privately held secured data without probable cause and without a search warrant. Plaintiff seeks compensatory damages and damages for pain and suffering. In *Heck v. Humphrey*, the Supreme Court held that a "state prisoner may not maintain a § 1983 claim for damages if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 480 (1994); see also *Clemons v. Williams*, 2016 WL 1238229, at *2 (D. Nev. Mar. 29, 2016). Accordingly, and under *Heck*, an action that challenges the validity of a plaintiff's criminal conviction or confinement is not cognizable unless the plaintiff can prove that his or her sentence has been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. A prisoner may challenge the validity of his arrest, prosecution and conviction by writ of habeas corpus. *Smithart v. Towery*, 79 F. 3d 951, 952 (9th Cir. 1996). Importantly, Heck "applies to pending criminal charges and to claims brought by federal prisoners." *Fjerstad v. Bach*, No. C08-0023-JCC-BAT, 2008 WL 4449921 at * 2 (W.D. Wash. Sept. 26, 2008).

### a.    Plaintiff's Fourth Amendment Claims

Plaintiff claims LVMPD Defendants violated his Fourth Amendment rights by unlawfully searching and seizing his personal cellphone without probable cause. Although unclear from Plaintiff's Amended Complaint, he appears to allude that his subsequent arrest, based on the information retrieved from his cell phone, was invalid. An individual defendant is not liable on a civil rights claim unless the facts establish that defendant's personal involvement in some constitutional deprivation, or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *Van Snowden v. Cazares*, 2015 WL 12859714, at *8 (C.D. Cal. Aug. 21, 2015) (citing *Hansen v. Black*, 885 F. 2d 642, 646 (9th Cir. 1989)).

Plaintiff has failed to establish that his confinement has been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus. Nor does Plaintiff

actually that allege his arrest was unlawful as a result of the alleged wrongful conduct of the LVMPD Defendants. Therefore, Plaintiff does not provide a factual basis to determine whether his claims against the LVMPD Defendants are barred by *Heck*. The Court, therefore, dismisses Plaintiff's claims against the LVMPD Defendants, with leave to amend to allow Plaintiff to establish whether he claims his arrest was unlawful, and if so, whether his confinement has been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus.[3]

### b. Plaintiff's Fifth Amendment Claims

Plaintiff alleges the LVMPD Defendants violated his Fifth Amendment rights by seizing his cell phone and depriving him of his property without due process of law. "The Fifth Amendment to the United States Constitution guarantees that no one will be deprived of property without 'due process of law.'" *United States v. Gaudin,* 515 U.S. 506, 509-10 (1995). However, this clause applies only to actors in the federal government. *See Bingue v. Prunchak,* 512 F.3d 1169, 1174 (9th Cir. 2008); *see also Mihalovic v. Weiss,* No. 1:10–cv–1061 AWI GSA, 2011 WL 2414426, at *3 (E.D. Cal. June 10, 2011)). Since Plaintiff alleges that the LVMPD Defendants were officers who worked for the Las Vegas Metropolitan Police Department, i.e., state employees, he has not plead a Fifth Amendment claim upon which relief can be granted.[4] The Court, therefore dismisses Plaintiff's Fifth Amendment claim, with leave to amend.

### c. Plaintiff's Claims Against the New Orleans Security Guards

Plaintiff alleges that the security guard Defendants, employed by the New Orleans Hotel and Casino violated his Fourth and Fifth Amendment rights. §1983 does not reach private conduct, regardless of how wrongful it may be. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Only where "there is a sufficiently close nexus between the State and the challenged action of the regulated entity" will the Court allow a defendant to be subjected to a §1983 claim. *Id.* A "close nexus" exists only where the State has "exercised coercive power or has provided such significant

---

[3] Plaintiff must first challenge his alleged unlawful arrest and subsequent illegal confinement in an action under 28 U.S.C. § 2255 (if he has since been convicted) or 28 U.S.C. § 2441 (if he is still a pretrial detainee).

[4] Plaintiff's allegations against the detectives, and officers of the LVMPD, as state actors, would properly be styled as a § 1983 claim in violation of his Fourteenth Amendment right to due process.

encouragement." *Id.*, *see also Flag Bros. Inc. v. Brooks,* 436 U.S. 149, 156 (1978). Plaintiff has failed to establish a connection exists between the State of Nevada and the actions of the private security guard Defendants. Therefore, Plaintiff's Complaint against the security guard Defendants should be dismissed, with prejudice.

In light of the Court's ruling, Plaintiff's Motion for Purposed [sic] Service of Complaint and Summons Pursuant to 28 U.S.C. § 1915 (ECF No. 12), and Motion for an Extension of Time for Service (ECF No. 13) are denied, without prejudice.

If Plaintiff elects to proceed in this action by filing a third amended complaint, he is informed that the Court cannot refer to a prior pleading in order to make his third amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 11) is **granted**. Plaintiff shall not receive a refund of the initial filing fee previously paid, pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, the Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Leung, Buford, Julo, Gorski, Peck, Caine, and Pates, in their individual capacity, are dismissed without prejudice

with leave to amend.  Plaintiff shall have until **March 4, 2019** to file an amended complaint which corrects the noted deficiencies.

      **IT IS FURTHER ORDERED** that Plaintiff's Motion for Purposed [sic] Service of Complaint and Summons Pursuant to 28 U.S.C. § 1915 (ECF No. 12), and Motion for an Extension of Time for Service (ECF No. 13) are **denied**, without prejudice.

**RECOMMENDATION**

      **IT IS HEREBY RECOMMENDED** that Plaintiff's claims against New Orleans Security Guards, Doe 1 and Doe 2, be dismissed with prejudice due to Plaintiff's failure to state a claim for which relief can be granted.

**NOTICE**

      Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within **fourteen (14) days**.  Appeals may been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

      DATED this 11th day of February, 2019.

                                   GEORGE FOLEY, JR.
                                   UNITED STATES MAGISTRATE JUDGE